IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:07-1014-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COREY WOODARD | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Corey Woodard, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's motion is untimely.

PROCEDURAL HISTORY

In September 2008, the defendant pled guilty to drug conspiracy charges involving the sale of 50 grams or more of crack cocaine and 5 kilograms or more of cocaine. He was sentenced by this court to a term of imprisonment of 151 months and the judgment was entered on January 15, 2009. Woodard did not file a direct appeal.

On November 16, 2011, Woodard filed the present § 2255 motion. The focus of his motion challenges his sentence enhancement pursuant to 18 U.S.C. § 851.

After the government moved for summary judgment, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

judgment. The defendant did not respond to the motion.[2]

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the § 2255 motion should be dismissed because it is untimely. There is, therefore, no need to address the merits of the § 2255 motion.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

---

[2] The defendant did, however, file a motion to reduce his sentence under 28 U.S.C. § 3582 on January 11, 2012.

2

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir.1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

3

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

Woodard's conviction became final on or about January 25, 2009, and he did not file a direct appeal. Woodward relies upon *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) in contending that recent developments in the law regarding prior felony convictions render his § 2255 motion timely. The court disagrees.

The government has responded and points out that *Simmons* concerned the unique sentencing regime that exists in North Carolina's state courts and that it has no application to Woodard's South Carolina conviction which was used to enhance his sentence. Section § 2255(f)(3) requires that a right be "initially recognized" by "the Supreme Court." Here, *Simmons* obviously was not decided by the Supreme Court. Case law addressing this particular statute makes it clear that the new right must be recognized by the Supreme Court, not the Courts of Appeals. *See, e.g.*, *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) ("We believe Congress, by limiting paragraphs 6(3) in this fashion, impliedly rejected the notion that . . . decisions taken from the courts of appeal . . . could trigger any of the limitations periods numerated under § 2255.") *See also, United States v. Passwaiter*, 106

4

F.Supp.2d 997 (2000), *Tellado v. United States*, 2001 U.S. Dist. Lexis 75320 (2011).

## DISCUSSION

Woodard's judgment of conviction in this federal court was entered on January 15, 2009, and became final on or about January 25, 2009. Therefore, he had one year later—until January 25, 2010—to file his § 2255 petition. However, he did not file it until almost two years later on November 16, 2011.

Although courts have the authority to apply the doctrine of equitable tolling to relax the one-year limitations period, such instances are rare and must be extraordinary. Here, the defendant merely, and incorrectly, argues that the one-year limitations period should not be applied in this case because of *Simmons*.

Further, the defendant has not presented any facts to suggest that he was prevented from asserting this claim by some wrongful conduct on the part of the government or that some extraordinary circumstances beyond his control made it impossible to file the claims in a timely manner. *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

Finding no impediments or appropriate tolling applicable to the statute of limitations, this court finds that the § 2255 motion must be dismissed as untimely. *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003). Because the court finds that the petition is time-barred, it is not necessary to examine the merits of the defendant's claims.

## CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is untimely. Accordingly, the government's motion for summary judgment is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*[signature]*

March 7, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).